Judge Hise
delivered ihe opinion of the Court.
This is a suit instituted by S. Greening and wife against J. R., and C. S. Fox, and J. H. Berry and wife, in which they setup a written contract in which the said Fox’s jointly undertake to use as prudently as possible, for the benefit of Berry and wife, and Greening and wife, a fund placed in their hands, at the date of their joint undertaking in cash notes and cash, amounting to the aggregate sum of $1518 00. It seems- that this fund belonged to Thos. Fox, the father of Green *188 ing’s and Berry’s wife’s, and the same was placed with his assent in the hands of J. R., and 0. S. Fox, to be used and controled by them, as provided in the said contract, subject to the payment of the debts of Thos. Fox then existing, and to his decent support and main-tainance, and also subject or liable to be otherwise disposed of, (as this Court construes the instrument,) generally at the discretion of said Thos. Fox. Tills contract is dated the 21st of Jan’y, 1834. This fund was all available as admitted. This undertaking of the Foxes is joint, and they are jointly bound as trustees of this fund by the terms of the trust contract, to pay over to Berry and wife and Greening’s wife, within six months after the death of Thos. Fox, the amount of said fund then remaining, and the interest that might be made-thereon.
A fund was placed in the hands oí two individuals as trustees, who undertook jointly and sever ally to use the same precedent ]y and profitably, to pay the debts of the grantor and support him, and divide ihe remainder in six months after his death between his two children; Held that the trustees (who divided the fund when received, should each be charged with the amount received and with interest on the fund at rests of two years, when disbursements with, interest irom the time of payment should be credited, and a joint decree rendered against both for the entiie sum due.
*188 'Thos. Fox died on the 25th of December, 1848, and the trustees having failed to pay over to Greening’s wife within the six months as required, such portion of' said trust fund as was due to hei^ This suit was brought by Greening and wife in August, 1849, to compel the said Foxes to a settlement and distribution of the amount remaining in their hands.
It appears that the said trustees at the date of said' contract divided the fund between themselves in such manner as that the cash notes amounting to $932 (JO,, was received by J, R. Fox, and the cash amounting to $586 00, was received by 0. S. Fox.
The decree of the Circuit Court is erroneous in several particulars as well as the commissioner’s report, the exceptions to which, should have been sustained.
In ascertaining the amount which should be finally decreed against the trustees, they should each be charged with the precise sum which each received on the 21st of Ian. 1834, the date of the contract and interest, at the rate of 6 per cent per annum for a period of two years, should be then added to the principle, and a rest then taken ; at which period all the payments or disbursements which had been made in pursuance df the *189 trust, with interest added thereon, from the time when such payments were made, up to the period o£ the rests first fixed, and so on, making biennial rests at which interest shall be added to principal, and prior disbursements with interest added thereon, to the period of each rest respectively, be deducted, up to the time when the final decree shall be rendered. In this manner the amount due from Charles S. Fox, should be ascertained. In ascertaining however, the amount due from Isham R. Fox, he should be charged with the sum received by him at the date of said contract, in available cash notes, to-wit: $932 00; and interest should be added to principle at the end of every two years, and prior disbursements properly paid out with interest from the dates thereof, to the respective biennial rests added thereon, should be deducted, and this mode of calculation in bis case, should be continued up to the 18th of February, 1840, when it appears he paid to Berry $1000 00 of the trust fund, which sum should then be deducted, and upon the balance then remaining of said fund in the hands of I. R. Fox, if any, current interest should be given and added up to the time when the decree is rendered; and when the sums due from each of said trustees are ascertained, they should be added together, and a decree rendered against them jointly, for the aggregate amount, and for the costs of suit.
Then in order to ascertain what proportion of the remaining fund shall be paid to Berry’s wife, and what to Greening’s wife, the-advancements made to each of them by either of said trustees, or by Thos. Fox, dec’d., at any time subsequent to the 21st of January, 1834, should be ascertained as far as practicable, and each shonld be charged with such advancements and legal interest thereon, from the time they were made, until final decree rendered. Of course Berry and. wife must be charged with the $1000, advanced to them on the 18th February, 1840, and current legal interest thereon. And after the advancements of each are ascertained, Berry .should be allowed the sum of five hundred dol *190 lars, and no more, for boarding Thos. Fox, dec’d., which as appears from all the proof on the subject, is ample compensation, all things considered; this sum should be deducted from the aggregate amount, of advancements and interest thereon, made to Berry and wife, when the decree is rendered. Berry’s wife, and Greening’s wife, should then be made equal, out of the fund decreed against the trustees, if sufficient for that purpose, if not, that equality should be produced by requiring the one who has received the most, to pay one moiety of the excess to the others. If the fund decreed against the trustees, should be more than sufficient in amount to equalize the advancements to Berry and wife, and Greening and wife, the balance remaining should then be equally divided between the two wives, and be directed to be paid into the hands of solvent and competent trustees for their separate use and benefit-
Trustees who undertake to use ■preeedently and profitably it fund put into their hands allowed as .comp ensation for trouble and responsibility, 5 per cent is reasonable.
The trustees should be allowed a commission of five per cent, upon the nett amount severally disbursed by them, and upon the sum finally decreed against them ; for which they shall have a credit, after deducting which, the balance then remaining-will be the amount left for distribution, as herein directed.
The preliminary order, commissioner’s report, and final decree in the Court below, being inconsistent with the' principles and views above presented, are erroneous — therefore in the opinion of this Court, the exceptions to the commissioner’s report should have been sustained, as also the exceptions to the depositions of the trustees, the two Foxes, who are jointly liable to complainant, and who have a direct interest in the result of this suit to reduce or extinguish their own liabilities, they were not competent witnesses to prove disbursements for themselves, or for each other, and their depositions to that extent, should have been rejected.
Wherefore the commissioner’s report is set aside, and the interlocutory and final decree of the Circuit Court are reversed, and the cause remanded with directions
Turner for plaintiff; Caperton and Burnham for defendants.
that further proceedings be had, and a final decree rendered in conformity with this opinion.